# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-009 |
| | * | |
| TIFFANY L. WALLACE | * | |

# O R D E R

Presently before the Court is a Motion for Reconsideration filed by Defendant Tiffany L. Wallace. (Doc. 74.) Ms. Wallace asks that this Court overturn its prior Order granting the Government's Motion for Default Judgment on Bond Forfeiture in the amount of $22,500.00. (Doc. 68.) Ms. Wallace does not dispute the validity of that Order, but instead asks the Court to reconsider in light of her financial circumstances. (Doc. 74.) Moreover, Ms. Wallace states that she never received the Government's motion, possibly because she has moved twice.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 F. App'x 253, 255 (11th Cir. 2011). In addressing these motions, courts rely on standards applicable to motions for reconsideration in civil cases. United States v. Russo, No. 11-6337-RSR, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011). Accordingly, "reconsideration motions in the criminal context are well-taken when they present one or more of the following:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." United States v. Sabooni, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014). As with reconsideration in civil cases, a motion for reconsideration of a criminal matter "is 'an extraordinary remedy which must be used sparingly.'" Russo, 2011 WL 3044844, at *1 (quoting Jackson v. Wesley, No. 6:11-cv-686-Orl-28GJK, 2011 WL 2144696, at *1 (M.D. Fla. May 31, 2011). A movant must "set forth *facts or law* of a *strongly convincing nature* to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted) (emphasis added).

Ms. Wallace has not argued an intervening change in law nor has she presented new evidence. Ms. Wallace's bond was revoked on June 12, 2013, which she never challenged. She states, "I by no means am arguing or disputing the validity of this order. I fully understand that this outcome is solely a result of my personal actions while on bond." (Doc. 74.) Moreover, both Ms. Wallace and her surety acknowledged that breach of bond conditions would result in liability for the full $25,000 bond. (Doc. 67, Exs. A-B.) Instead, she appears to rely on the third option: the need to prevent manifest injustice. Although Ms. Wallace provides information regarding her limited financial resources and rehabilitative successes, the Court cannot conclude that enforcement of its Order would result in manifest

2

injustice. Accordingly, Ms. Wallace's motion (doc. 74) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA